UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTEN DAJUSTE, | : | CIVIL ACTION NO. **3:CV-12-1010** |
| Petitioner | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On May 24, 2012, Petitioner, Christen DAJuste, an inmate at the York County Prison ("YCP") at York, Pennsylvania, filed, *pro se*, a second Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner also filed a Motion for the Court to direct the Clerk of Court to make copies of his instant habeas petition and to make copies of his prior habeas petition he filed in Civil No. 12-0958, M.D. Pa. (Doc. 2). Further, Petitioner filed a Motion to proceed *in forma pauperis*. (Doc. 3). Petitioner named as Respondent the Commonwealth of Pennsylvania. The proper Respondent is Mary Sabol, Warden of the York County Prison where Petitioner is currently confined.[1]

---

[1] Petitioner named the incorrect Respondent. As stated, YCP Warden Sabol is the proper Respondent. *See* 28 U.S.C. § 2242 and §2243. *See also Jado v. Decker*, 2009 WL 1456595, *1, n. 1 (M.D. Pa.)("The only properly named Respondent in a federal habeas corpus action is the applicant's custodial official.").

Previously, on May 22, 2012, Petitioner DAJuste, filed, *pro se*, a "Supplement of Petitioner's Writ of Habeas Corpus pending before this Honorable Court." See Civil No. 12-0958, M.D. Pa.  At the time, we did not find any habeas petition which Petitioner DAJuste had pending with this Court. The Clerk of Court docketed Petitioner 's Civil No. 12-0958, M.D. Pa. case as a new Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner also styled his filing in Civil No. 12-0958 as a "Writ of Coram Nobis in form of PCRA pursuant to §2254 and §1651 under the All Writs Act." Petitioner stated that he has been detained at YCP by ICE pending his removal from the Untied States.  In Civil No. 12-0958, M.D. Pa., Petitioner was, in part, challenging his Lehigh County, PA, Court of Common Pleas conviction and sentence of April 7, 2008, on the charge of possession with intent to deliver cocaine.  Petitioner stated that he was sentenced to 10 months to 48 months in a state prison.  Petitioner stated that he did not file a direct appeal of his Lehigh County conviction and sentence, but that on May 20, 2011, he filed a PCRA Petition with the Lehigh County Court in which he challenged the validity of his guilty plea and he claimed that his trial counsel was ineffective for not advising him that he would face removal proceedings if he pled guilty, as the Supreme Court has required in *Padilla v. Kentucky*, 559 U.S.–-, 130 S. Ct. 1473 (2010). Petitioner also claimed that the Lehigh County Court imposed an illegal sentence upon him. Petitioner stated that his PCRA Petition was denied by the Lehigh County Court as untimely without evaluating whether his trial counsel was ineffective based on *Padilla*. Petitioner stated that he then appealed the denial of his PCRA Petition to the PA Superior Court, and that his appeal was still pending.  Petitioner also stated that on January 19, 2012, he filed a §2254 habeas petition and a Writ of Coram

Nobis with the Middle District of PA with respect to the denial of his PCRA Petition by the Lehigh County Court.  Petitioner seemed to indicate that he requested this Federal Court to find that his PCRA Petition was timely filed, to direct the Lehigh County Court to accept his PCRA Petition as timely  and, to direct  the Lehigh County Court to grant his PCRA Petition since his trial counsel was ineffective and in violation of his Sixth Amendment right based on the *Padilla* case. Thus, in his Civil No. 12-0958, M.D. Pa. case, Petitioner appeared to request, in part, that this Court invalidate his Lehigh County Court conviction.

Petitioner further stated in his  Civil No. 12-0958 case that his Lehigh County Court drug conviction was used by the U.S. Immigration and Customs Enforcement ("ICE") to commence removal proceedings against him.  Petitioner seemed to indicate that he was now subject to a final order removal and that he was presently being detained by ICE at YCP pending his removal.  Petitioner also appeared to claim that since his Lehigh County Court drug conviction was invalid as it violated the *Padilla* case, which he stated created a new right, his removal order was invalid since it was based on his Lehigh County Court conviction.

On May 25, 2012, we gave preliminary consideration to Petitioner's prior habeas petition in his Civil No. 12-0958 case and, we issued a Report and Recommendation.   We recommended that Petitioner DAJuste's claim in his  Civil No. 12-0958  habeas petition challenging his underlying Lehigh County state court conviction be dismissed without prejudice to file a §2254 habeas petition in the Eastern District of PA.  We  recommended that Petitioner's claim  challenging his removal order be dismissed for lack of subject matter jurisdiction pursuant to the Real ID Act and without prejudice to file a Petition for Review with the Third Circuit.  We

3

recommended that Petitioner's Motion to Stay his Removal be dismissed without prejudice to file it with the Third Circuit along with his Petition for Review.  We also recommended that Petitioner's Civil No. 12-0958 case be dismissed without prejudice to allow Petitioner to file a claim challenging his continued confinement in YCP pending his removal in a new §2241 habeas petition in the Middle District PA .[2]  Further, we recommended that Petitioner be granted leave to proceed *in forma pauperis* solely for the purpose of filing his Civil No. 12-0958 case.   Finally, we recommended that Petitioner 's Civil No. 12-0958 case be summarily dismissed in its entirety and that the case be closed.

In Petitioner's present case,  Civil No. 12-1010, we have not yet directed Respondent to respond to the habeas petition.  Petitioner is only challenging his Lehigh County Court of Common Pleas conviction and April 7, 2008 sentence, on the charge of possession with intent to deliver cocaine and on the charge of simple assault.  We now give preliminary consideration to the instant habeas petition pursuant to  Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254.[3]

---

[2]This Court has venue and jurisdiction with respect to a habeas petition challenging Petitioner's continued physical custody by ICE at YCP.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) (finding that a petition pursuant to 28 U.S.C. § 2241 challenging an alien's present physical custody in the United States should be filed in the district where the petitioner is confined).

[3]Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

**II. Discussion.**

A 28 U.S.C. §2254 petition may be brought in the federal judicial district in which the state court of the conviction is located and, when the prisoner is confined in a prison located in another federal district in the same state as the state of conviction, the petition may be brought in the district of confinement. The district court for the district in which the petition is filed may transfer the petition to the district court for the district of the conviction when to do so is in the interests of justice. 28 U.S.C. §2241(d).

Petitioner DAJuste is challenging his February 12, 2008 conviction and his April 7, 2008 sentence of 10 months to 48 months for possession with the intent to deliver and simple assault in the Lehigh County Court of Common Pleas. (Doc. 1, p. 2). Petitioner raises four grounds, as follows: "the District Court of Lehigh County error by failing to grant petitioner (PCRA)"; "assistance counsel ineffectiveness during the plead proceeding"; "the Court failure by imposed an illigal (sic) sentence"; and "the Court also failure to weight the drugs quantity." (Doc. 1, pp. 6-10).

As we stated in Petitioner's Civil No. 12-0958 case, and as Petitioner indicates in his present case, his PCRA Petition was denied by the Lehigh County Court as untimely without evaluating whether his trial counsel was ineffective based on *Padilla*. Petitioner stated that he then appealed the denial of his PCRA Petition to the PA Superior Court, and that his appeal is still pending. Also, in Petitioner's Civil No. 12-0958 case, with respect to Petitioner's challenge to his Lehigh County Court drug conviction, we recommended that this claim be construed as a §2254 habeas petition and that it be dismissed without prejudice to Petitioner to file this claim

in the U.S. District Court for the Eastern District of PA after he exhausted his state court remedies.[4] Petitioner indicated that he has an appeal pending with the PA Superior Court in which he challenges the dismissal of his PCRA Petition as untimely by the Lehigh County Court.

The Petitioner is currently a prisoner at the York County Prison in York, Pennsylvania, which is in the Middle District of Pennsylvania. He is challenging his 2008 conviction and sentence in Lehigh County, Pennsylvania, which is in the Eastern District of Pennsylvania. All records of conviction, transcripts of proceedings, witnesses, and counsel, both trial and appellate counsel, are located within the Eastern District of Pennsylvania.

It will be in the interests of justice to transfer Petitioner DAJuste's instant Habeas Petition to the United States District Court for the Eastern District of Pennsylvania. All of the conduct giving rise to Petitioner DAJuste's habeas claims, as well as his challenged state court conviction and sentence, occurred in the Eastern District of Pennsylvania.

---

[4] Insofar as Petitioner is seeking to challenge his Lehigh County conviction and sentence, and he claims that his conviction and sentence were illegal, he must file a habeas petition under §2254 in the U.S. District Court of the Eastern District PA after he exhausts his state court remedies. *See Peterson v. Shannon*, 2008 WL 5225819, *3 (M.D. Pa. 12-12-08)("As a general rule, a state prisoner must exhaust his available state court remedies before seeking habeas relief in federal court.")(citation omitted).

Also, Petitioner states that he has an appeal pending with the PA Superior Court regarding the dismissal of his PCRA Petition. Thus, it does not appear that Petitioner has exhausted his state court remedies.

**III. Recommendation.**

Based on the foregoing, it is respectfully recommended that Petitioner DAJuste's instant Habeas Petition (**Doc. 1**) be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §2241(d).  *See Reinhold v. Rozum*, 2007 WL 4248273 (M.D. Pa.); *Wright v. Tennis*, 2007 WL121855 (M.D. Pa.); *Wright v. Diguglielmo*, 2007 WL 1437491 (E.D. Pa.); *Morales v. Palakovich*, Civil No. 10-0036, M.D. Pa., 2-9-10 Order, J. Kosik (§ 2254 Habeas Petition of inmate confined in Middle District of Pennsylvania challenging his Lancaster County, Pennsylvania, conviction and sentence was transferred to the Eastern District of Pennsylvania).  It is recommended that the United States District Court for the Eastern District of Pennsylvania decide if this case should be dismissed without prejudice to re-file it after Petitioner exhausts his state court remedies and, if Petitioner's Motion for Copies and *in forma pauperis* Motion (**Docs. 2 & 3**) should granted.

                                          **s/ Thomas M. Blewitt**
                                          **THOMAS M. BLEWITT**
                                          **United States Magistrate Judge**

**Dated: June 5, 2012**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTEN DAJUSTE, | : | CIVIL ACTION NO. **3:CV-12-1010** |
| | : | |
| Petitioner | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 5, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                          s/ Thomas M. Blewitt
                                                    **THOMAS M. BLEWITT**
                                                    **United States Magistrate Judge**

**Dated: June 5, 2012**